**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| CHASE CARMEN HUNTER, | * | |
| Petitioner | * | |
| v. | * | CIVIL NO.  JKB-15-2047 |
| AL REDMER *et al.*, | * | |
| Respondents | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

<u>**MEMORANDUM  AND  ORDER**</u>

Chase Carmen Hunter *pro se* has sued Al Redmer, Commissioner of Insurance for Maryland, and the Maryland Insurance Administration in relation to her now-expired insurance agent license.  (Compl., ECF No. 1.)  She asks this Court to declare her license status "current," to declare that Respondents' "online licensee look-up service which shows that Hunter's license is expired is incorrect," to declare that Respondents "must provide Hunter with proof that her license is current," to award her fees and costs, and to award her "such further relief to which she may be entitled."  (*Id.*, Prayer.)

After Respondent Redmer filed his motion to dismiss or, in the alternative, for summary judgment (ECF No. 10), Hunter filed an "Emergency Motion for Temporary Restraining Order Without Notice" (ECF No. 12).  Concluding Hunter failed to show irreparable injury if emergency injunctive relief were not granted, the Court summarily denied her motion.  (ECF No. 13.)  Hunter has now filed two more "Emergency Motions"[1] in which she asks this Court to vacate its order denying relief and to strike ECF No. 10-2, Exhibit A, from the record.  (ECF

---

[1]  Hunter was granted leave to use the Court's electronic filing system.  (ECF No. 4.)  The nomenclature "Emergency Motion" was selected by Hunter during the filing process to describe the documents (ECF Nos. 16, 17) she filed.

Nos. 16, 17.)  No hearing is required.  Local Rule 105.6 (D. Md. 2014).  The motion to vacate will be denied, and the motion to strike will be found moot.

In her motion to vacate, Hunter takes issue with the fact that, even though she titled her motion "Emergency Motion for Temporary Restraining Order Without Notice," she requested therein "in the alternative . . . a temporary restraining order with notice, or in the second and third alternatives [she] move[d] on an emergency basis for an injunction and/or for expedited consideration pursuant FRCP [*sic*] 65(a) et seq."  Thus, she argues, "the Order denies injunctive relief without complying with FRCP 65(a) et seq. which requires this court to conduct a hearing which it did not."  (Mot. Vacate 1.)

Hunter misreads Federal Rule of Civil Procedure 65.  Nothing in it requires the Court to conduct a hearing on a meritless motion for injunctive relief, regardless of whether it is styled as one seeking relief without notice, with notice, or in some other fashion.  She has cited no authority for the proposition that a federal district court *must* conduct a hearing just because a litigant has filed a motion for injunctive relief.  Rule 65(b)(3) states, "If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time . . . ."  The Court did not issue a temporary restraining order ("TRO") without notice, so no motion was required under Rule 65(b)(3).  *See also Aoude v. Mobil Oil Corp.*, 862 F.2d 890, 893-95 (1st Cir. 1988) ("an evidentiary hearing is not an indispensable requirement when a court allows or refuses a preliminary injunction"); *Syntex Ophthalmics, Inc. v. Tsuetaki*, 701 F.2d 677, 682 (7th Cir. 1983); *SEC v. Frank*, 388 F.2d 486, 490 (2d Cir. 1968).  As was stated in a noted treatise on federal procedure,

> [P]reliminary injunctions are denied without a hearing, despite a request for one by the movant, when the written evidence shows the lack of a right to relief so clearly that receiving further evidence would be manifestly pointless.  This practice is supported by Rule 78(b), which provides that "the court may provide

for submitting and determining motions on briefs, without oral hearings," and by the fact that Rule 65 does not explicitly require an oral hearing on a preliminary-injunction motion.

11A Charles Alan Wright, Arthur B. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2949, at 246-49 (2013). *See also* Local Rule 105.6 (D. Md. 2014) ("Unless otherwise ordered by the Court, . . . all motions shall be decided on the memoranda without a hearing.").

Further, the Court concluded Hunter failed to show a likelihood of irreparable injury, which is a necessary element of the standard for injunctive relief, *see Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. The same standard applicable to preliminary injunctive relief is applicable to the question of whether a TRO should issue. *Long v. Bd. of Educ., Dist. 128*, 167 F. Supp. 2d 988, 990 (N.D. Ill. 2001); *Perdue Farms, Inc. v. NLRB*, 927 F. Supp. 897, 904 (E.D.N.C. 1996). However Hunter styles her request for preliminary injunctive relief, it is still without merit.

As for Hunter's motion to strike an exhibit from Redmer's dispositive motion, the Court in an earlier order sealed the exhibit improperly filed with Hunter's protected information and directed Redmer to file a redacted version (ECF No. 14), which he has done (ECF No. 15). While awaiting Redmer's filing, the exhibit in issue was sealed. Although the Court will not strike the original exhibit, the Clerk will be directed to replace the original exhibit with the newly filed redacted version so that the exhibit may be unsealed. Consequently, Hunter's motion to strike is moot.

Accordingly, IT IS HEREBY ORDERED:

1. Hunter's "Motion to Vacate Order at Docket Entry 13" (ECF No 16) IS DENIED.

2. The Clerk shall substitute ECF No. 15 for pages 2, 3, and 4 of ECF No. 10-2 and shall unseal ECF No. 10-2.

3. Hunter's "Notice That This Court's Order to Redact or Remove Non-Public Information from the Public Record Needs Clarification and Further Direction" (ECF No. 17) is construed as a motion to strike and IS MOOT.

DATED this 3rd day of September, 2015.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge