IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **CHASE CARMEN HUNTER,** | * | |
| Petitioner | * | |
| v. | * | CIVIL NO. JKB-15-2047 |
| **AL REDMER** *et al.*, | * | |
| Respondents | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

*I. Background*

Chase Carmen Hunter initiated this lawsuit by filing a Verified Petition for Declaratory Judgment against Respondents Al Redmer, Jr., Commissioner of Insurance for Maryland, and the Maryland Insurance Administration. (Pet., ECF No. 1.) Hunter alleges she holds a Maryland nonresident insurance agent's license; she alleges she submitted on October 1, 2014, a timely license renewal application to Respondents, but that on November 3, 2014, and thereafter, "Respondents' online licensee look-up system showed the status of [her] License as 'Expired (11/01/2014).'" (*Id.* ¶¶ 10, 13-15.) She asks this Court to declare her license status "current," to declare that Respondents' "online licensee look-up service which shows that Hunter's license is expired is incorrect," to declare that Respondents "must provide Hunter with proof that her license is current," to award her fees and costs, and to award her "such further relief to which she may be entitled." (*Id.*, Prayer.)

Approximately a month and a half after filing her petition, Hunter filed an Emergency Motion for Temporary Restraining Order Without Notice. (ECF No. 12.) The Court denied the

motion because Hunter "failed to demonstrate or even plausibly allege that she would suffer 'irreparable harm' if not granted the relief sought." (8/31/2015 Order, ECF No. 13.) The Court also denied Hunter's motion to vacate the 8/31/2015 Order (Pet.'s Mot. Vacate, ECF No. 16), again noting she "failed to show a likelihood of irreparable injury, which is a necessary element of the standard for injunctive relief." (9/4/2015 Order, ECF No. 19.) Respondents have filed motions to dismiss or, alternatively, for summary judgment. (ECF Nos. 10, 24.) Although Hunter has not responded to Respondents' motions, she has filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit as to the Court's 8/31/2015 Order. (ECF No. 28.)

As explained *infra*, the Court has jurisdiction to rule on these dispositive motions. No hearing is necessary. Local Rule 105.6 (D. Md. 2014). The motions will be granted.

## II. Standard of Dismissal for Failure to State a Claim

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to

dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

### III. Standard for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party, *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008), who may not rest upon the mere allegations or denials of his pleading but instead must, by affidavit or other evidentiary showing, set out specific facts showing a genuine dispute for trial, Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4).

### IV. Analysis

Preliminarily, the Court addresses *sua sponte* the question of whether it has jurisdiction to consider Respondents' dispositive motions. "The filing of a notice of appeal . . . confers

3

jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), *superseded in part by amendment to* Fed. R. App. Proc. 4(a) (1993).  *See also Co. Doe v. Pub. Citizen*, 749 F.3d 246, 257-59 (4th Cir. 2014) ("Generally, a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal.").

However, an appeal from an interlocutory order respecting a request for injunctive relief does not defeat the district court's power to proceed further with the case.  *See generally* 16A Charles A. Wright, Arthur R. Miller, Edward H. Cooper, Vikram D. Amar, Richard D. Freer, Helen Hershkoff, Joan E. Steinman, & Catherine T. Struve, *Federal Practice & Procedure* § 3921.2 (3d ed. 2015).  An appeal in that circumstance contemplates only a review of the interlocutory order.  "It was not intended that the cause as a whole should be transferred to the appellate court prior to the final decree.  The case, except for the hearing on the appeal from the interlocutory order, is to proceed in the lower court as though no such appeal had been taken, unless otherwise specially ordered." *Ex parte Nat'l Enameling & Stamping Co.*, 201 U.S. 156, 162 (1906).  *See also Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 301-02 (4th Cir. 2000) (same).  Consequently, proceeding to a decision on the merits of Respondents' motions is consistent with this Court's jurisdiction.

Having found jurisdiction for the Court to proceed, the Court nevertheless concludes this case should be dismissed for multiple reasons.  In the first instance, Respondents have argued they are entitled to sovereign immunity from suit in federal court pursuant to the Eleventh Amendment.  Hunter has sued the Maryland Insurance Administration ("MIA") as well as Redmer in his official capacity as Maryland Insurance Commissioner and in his individual capacity.  The MIA and the office of Commissioner are creatures of Maryland state law; the

MIA "is an independent unit of the State government," and the Commissioner is "[t]he head of the [MIA]." Md. Code Ann., Ins. § 2-101 (LexisNexis 2011). The MIA, as a unit of Maryland State government, is immune from suit by Hunter in federal court. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (suit against State and State agency barred by Eleventh Amendment in absence of State's consent to suit). Further, a suit against a State officer in his official capacity is the same as a suit against the State itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (noting governmental entity is "real party in interest" in official capacity suit). Moreover, "[t]he mere incantation of the term 'individual capacity' is not enough to transform an official capacity action into an individual capacity action." *Lizzi v. Alexander*, 255 F.3d 128, 136 (4th Cir. 2001), *overruled in part on other grounds by Nev. Dep't of Human Resources v. Hibbs*, 538 U.S. 721 (2003). Rather, the Court must inquire whether Hunter's complaint against Redmer in his individual capacity "nonetheless effectively states a claim against the [State] itself." *Martin v. Wood*, 772 F.3d 192, 195-96 (4th Cir. 2014).

To determine the identity of the real party in interest, the Court must examine the substance of Hunter's claims in light of relevant factors, including the following:

> (1) were the allegedly unlawful actions of the state officials "tied inextricably to their official duties"; (2) if the state officials had authorized the desired relief at the outset, would the burden have been borne by the State; (3) would a judgment against the state officials be "institutional and official in character," such that it would operate against the State; (4) were the actions of the state officials taken to further personal interests distinct from the State's interests; and (5) were the state officials' actions ultra vires.

*Id.* at 196 (citations omitted).

Hunter does not attribute any conduct individually to Redmer. Instead, she alleges generally that "Respondents" did not respond to her inquiries about her license's status following her application for renewal and that "Respondents' online insurance licensee look-up system currently shows that Hunter's License expired on November 2014. But this is false." (Pet.

x

¶¶ 13-18.) Thus, she claims "Respondents have denied Hunter her professional License without regard for her procedural Due Process right." (*Id.* ¶ 25.)

It is easy to conclude from Hunter's generalized assertions about "Respondents" that any allegedly unlawful actions of Redmer were "tied inextricably to [his] official duties." *See Lizzi*, 255 F.3d at 136. In addition, any judgment against Redmer would operate against the State since Redmer has no ability to act on Hunter's license application outside of his official capacity as Commissioner. Hunter has made no plausible allegations that any action taken by Redmer was taken to further his personal interests distinct from the State of Maryland's interests or that his actions were taken outside of his authority granted by State law. Thus, the MIA, Redmer in his official capacity, and Redmer in his individual capacity are all shielded by the Eleventh Amendment from Hunter's suit.

Even if the Eleventh Amendment did not bar Hunter's suit, the Court would still dismiss it pursuant to the *Younger v. Harris* abstention doctrine. 401 U.S. 37 (1971). Under *Younger*, a federal court otherwise having jurisdiction must nevertheless abstain from interfering in state proceedings when those proceedings are ongoing prior to any significant progress in the federal case, when the state proceedings implicate an important state interest, and when the state proceedings provide adequate opportunity for the federal court plaintiff to raise the federal constitutional claim that has been made in the federal lawsuit. *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008). The fact that Hunter did not follow through with her available state court remedy, including demanding a hearing on the Commissioner's decision not to renew her license and pursuing judicial review, *see* §§ 2-210—2-215, does not prevent application of the *Younger* doctrine. Rather, she forewent her state remedy in that regard and leaped directly into federal court in an effort to invalidate the Commissioner's decision. Under governing precedent, "the state proceedings remain 'pending' within the meaning of *Younger*

6

abstention" because of Hunter's failure to exhaust her state law remedies, *Laurel Sand*, 519 F.3d at 167.  Additionally, the Maryland proceedings clearly implicate an important state interest, *i.e.*, the regulation of individuals entitled to sell insurance within the state.  Finally, Hunter was entitled under state law to raise her constitutional claim within the state proceeding.  *See* § 2-215(h)(3)(i).  Consequently, *Younger* abstention is clearly appropriate.

Lastly, the Court declines to exercise its discretion to entertain Hunter's request for declaratory relief.  A declaratory judgment would serve no useful purpose in clarifying and settling the legal matters in issue.  Instead, it would amount to an unwarranted interference with Maryland's regulation of the insurance industry and constitute an end-run around orderly state processes.  Thus, the principles of federalism and comity, which are important considerations in the decision whether to grant declaratory relief, would be violated.  *See Aetna Cas. & Sur. Co. v. IND-COM Elec. Co.*, 139 F.3d 419, 423 (4th Cir. 1998).

## V. Conclusion

The Court concludes it retains jurisdiction to adjudicate the merits of the instant case.  Hunter's claims against all Respondents are barred by the Eleventh Amendment.  Even if that were not the case, the Court would abstain under the *Younger* doctrine or would decline to entertain Hunter's request for declaratory relief based on principles of federalism and comity.  A separate order will follow.

DATED this 10th day of December, 2015.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge